UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-mc-24144-RS

KEYBANK NATIONAL ASSOCIATION,

    Plaintiff,

v.

AUTO BOUTIQUE OF SOUTH
FLORIDA, INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** comes before the Court upon review of Plaintiff's Motion for Charging Order (ECF No. 26) against Howard Elfand ("Elfand").[1]  Defendant filed no response in opposition to Plaintiff's Motion, and the time to do so has passed.  Having reviewed the Motion, the record, and being otherwise duly advised on the matter, the undersigned **RECOMMENDS** that Plaintiff's Motion be **GRANTED**.

    **I.**    **BACKGROUND**

In November 2014, FMC2, Inc. ("FMC2") and Auto Boutique of South Florida, Inc. d/b/a Auto Boutique ("Auto Boutique") entered into a master lease agreement whereby Auto Boutique leased vehicles from FMC2.  Elfand and Youssef Aziz ("Aziz') each executed a lease guaranty through which they both agreed to personally guarantee Auto Boutique's Obligations to FMC2 under the master lease agreement.  Defendant failed to pay invoices due to FMC2 and subsequently

---

[1] This matter has been referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable Rodney Smith, United States District Court Judge for the Southern District of Florida, for appropriate resolution of all pending motions and any later filed motions (ECF No. 37).

1

defaulted. On or about November 1, 2017, FMC2 and Fleetway Leasing Company filed a Complaint in the United States District Court for the Eastern District of Pennsylvania, Case No. 2:17-cv-04924, against Auto Boutique, Elfand, and Aziz. (ECF No. 9-1). On June 20, 2020, the Eastern District of Pennsylvania Court ordered a default judgment in favor of FMC2 and Fleetway Leasing Company against Elfand in the amount of $688,490.76. On July 25, 2020, FMC2 and Fleetway Leasing Company irrevocably assigned to Plaintiff, KeyBank, all of their rights, titles, and interests in the ongoing actions and judgments entered against Elfand and Aziz. (EFC No. 9-2). On October 8, 2020, this Court registered the Elfand Pennsylvania Judgment in this District in the amount of $688,490.76. (ECF No. 2).

After unsuccessfully attempting to issue certain writs of garnishment and execution against Defendant and associated business entities, Plaintiff now comes before the Court requesting a charging order be issued against Prestige One Investments, LLC ("Prestige One"), a company in which Elfand maintains a business interest.[2] Plaintiff avers that a charging order is necessary here because Defendant has failed to satisfy the judgment entered against them. Thus, Plaintiff requests that the Court impose a charging order as to all interests, profits, and distributions that Elfand has in Prestige One and grant any other relief deemed just and proper.

II.  **ANALYSIS**

Under Federal Rule of Civil Procedure 69(a)(1), a money judgment is enforced by a writ of execution unless the court orders otherwise and the alternative procedure of execution must accord with the law of the state where the court is located. Pursuant to Fla. Stat. § 605.0503(1), a judgment creditor may seek a charging order against the business interests of the judgment debtor

---

[2] Writs of garnishment and execution were previously issued to 1605 Sales Inc., Prestige One, Elfand, BB&T Bank, U.S. Century Bank, and City National Bank of Florida. *See* (ECF Nos. 10, 11, 13, 19, 20, 21, 33, 34, 35). As of the date of this Order, the docket indicates these issued writs to remain outstanding docket unsatisfied.

2

to satisfy an unpaid judgment with interest. The statute provides that "on application . . . by a judgment creditor of a member or a transferee, the court may enter a charging order against the transferable interest of the member or transferee for payment of the unsatisfied judgment amount." Fla. Stat. § 605.0503(1).

According to records filed with the Florida Department of State's Division of Corporations, Elfand is an active member and a manager of Prestige One.[3] The Court also notes that Plaintiff has attempted service of a writ of garnishment upon Prestige One to no avail (ECF No. 21). Based upon the unrebutted assertions in the record that Elfand maintains a business interest in Prestige One and that he has failed to satisfy this Court's judgment against him, Plaintiff's Motion is well-founded. Accordingly, the Court recommends Prestige One, a Florida limited liability company, pay directly to KeyBank National Association any and all distributions, disbursements, and/or transfers of money, and/or property (whether designated as profit disbursements, repayment of capital contribution, salary or any other payment or transfer of funds or property of any nature) to which Judgment Debtor Elfand, his successors and/or assigns may be entitled and shall promptly notify the Court and Plaintiff.

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that Plaintiff's Motion be **GRANTED** and a charging order should be issued as to Elfand's interest in Prestige One.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Rodney Smith, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and

---

[3] The Department of State provides an online index of corporate registration ("Sunbiz"). *See* https://dos.myflorida.com/sunbiz/ (last visited May 18, 2022).

Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers on this 18th day of May, 2022.

                                                LAUREN LOUIS
                                                UNITED STATES MAGISTRATE JUDGE

Copies Furnished To:
The Honorable Rodney Smith
Counsel of Record